**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4338**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN DOE, a/k/a Cheyenne Moody Davis,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen L. Hollander, District Judge.  (1:17-cr-00054-ELH-1)

Submitted:  January 30, 2019                    Decided:  February 15, 2019

Before FLOYD, THACKER, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joanna Silver, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland; Nita Rao, WILLIAMS & CONNOLLY LLP, Washington, D.C., for Appellant.  Robert K. Hur, United States Attorney, Zachary A. Myers, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant appeals from his convictions for passport fraud, social security number fraud, aggravated identity theft, and voter fraud. On appeal, he challenges the jury instructions on the "lawful authority" element of aggravated identity theft. He also asserts that the district court erred by failing to further define "reasonable doubt" after the jury asked for a legal definition. We affirm.

"'The decision to give or not to give a jury instruction is reviewed for an abuse of discretion.'" *United States v. Hurwitz*, 459 F.3d 463, 474 (4th Cir. 2006) (quoting *United States v. Moye*, 454 F.3d 390, 398 (4th Cir. 2006) (en banc)). "'We review a jury instruction to determine whether, taken as a whole, the instruction fairly states the controlling law.'" *Id.* (quoting *Moye*, 454 F.3d at 398). We apply "'harmless-error analysis to cases involving improper instructions.'" *United States v. White*, 810 F.3d 212, 221 (4th Cir. 2016) (quoting *Neder v. United States*, 527 U.S. 1, 9 (1999)). An error is harmless if "it is 'clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error.'" *Id.* (quoting *Neder,* 527 U.S. at 18 (brackets omitted)).

Appellant does not dispute that the challenged instruction correctly stated the controlling law. Instead, he argues that the portion of the court's instruction stating that consent does not convey legal authority was improper, because there was no evidence to support a conclusion that Appellant acquired an identity with consent. Thus, Appellant contends that the court's instruction improperly injected a possible fact.

2

However, in *Moye*, we specifically distinguished between an instruction that misstates the law and one that presents a theory of conviction not supported by the evidence. 454 F.3d at 400. We noted that, although "[j]urors are not generally equipped to determine whether a particular theory of conviction . . . is contrary to the law," jurors are "well equipped to analyze the evidence" and recognize factually inadequate theories. *Id.* Thus, we found the specific error in *Moye* – an aiding and abetting instruction that was not supported by the evidence – to be harmless, as it was "extremely doubtful," given the instructions as a whole, that the jury would have based its verdict on an aiding and abetting theory in the absence of factual support. *Id.* at 402.

Here, the evidence showed that Appellant first used another's identity around the same time that that person lost his identification paperwork. Thus, the jury could reasonably infer that Appellant obtained the identification around that time. However, there is no evidence as to whether Appellant found or stole the identification, whether someone else found or stole the identification and transferred it to Appellant, or whether there was some other scenario. Accordingly, the court was appropriately concerned that the jury might draw improper conclusions about the lack of evidence as to how Appellant acquired another person's identity. The instruction correctly informed the jury that evidence of theft or misappropriation was not required and that even consent from the "real" person would not constitute "lawful authority." *See United States v. Ozuna-Cabrera,* 663 F.3d 496, 500 (1st Cir. 2011). Given the inferences a reasonable juror might make from the evidence, or the lack thereof, we find that the instruction was

3

not an abuse of discretion. Moreover, even if there was error, we find that any error was harmless beyond a reasonable doubt.

Appellant next contends that, although this court has held that district courts need not and should not define reasonable doubt, the district court should have defined the term for the jury, after the jury requested further instruction. We have held that "district court[s] [are] not required to define reasonable doubt to the jury so long as the jury was instructed that the defendant's guilt must be proven beyond a reasonable doubt," because "attempting to explain the words 'beyond a reasonable doubt' is more dangerous than leaving a jury to wrestle with only the words themselves." *United States v. Hornsby*, 666 F.3d 296, 310-11 (4th Cir. 2012). Further, where the Supreme Court has not ruled on an issue, a panel of this court is bound by its own precedent. *See United States v. Bullard*, 645 F.3d 237, 246 (4th Cir. 2011).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*